# The South Carolina Court of Appeals

Clinton Folkes, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2016-000415

## ORDER

This matter is before the court on a petition for a writ of certiorari following the denial of Petitioner's application for post-conviction relief. Based on the vote of the panel, the petition for a writ of certiorari is denied.

FOR THE COURT

BY _____
　　　　CLERK

Columbia, South Carolina

cc:
Tara Dawn Shurling, Esquire
Megan Harrigan Jameson, Esquire
Clinton Folkes
The Honorable L. Casey Manning

**FILED**

Oct. 16, 2018

⑥

STATE OF SOUTH CAROLINA         )
                                ) IN THE COURT OF GENERAL SESSIONS
COUNTY OF RICHLAND              )

FILED
2008 MAY 19 AM 10: 41
BARBARA A. SCOTT
C.C.C. & G.S.

| | |
|---|---|
| The State | ) **NOTICE OF INTENTION TO SEEK A** |
| | ) **SENTENCE OF LIFE WITHOUT PAROLE** |
| -vs- | ) |
| | ) Indictment No: 2007-GS40-6654 |
| | ) |
| | ) Warrant Number: K265452 |
| **CLINTON FOLKES,** | ) |
| Defendant. | ) |

TO: CLINTON FOLKES, DEFENDANT, and Attorney for the Defendant, Deon O'Neal, Esquire.

PLEASE TAKE NOTICE that upon conviction (trial or guilty plea) of the above-entitled action to be scheduled on a date at least ten (10) days hence, of which you will be timely notified, the State will seek a sentence of life imprisonment without the possibility of parole, pursuant to South Carolina Code of Laws, Section 17-25-45 (1995), as amended. The State intends to rely upon the following prior convictions of the defendant to statutorily enhance his/her punishment: 2 Counts of Assault and Battery With Intent to Kill from Richland County on August 17, 1994, see attached copy of conviction.

W. BARNEY GIESE, SOLICITOR
Fifth Judicial Circuit

Heather S. Weiss
Assistant Solicitor

Columbia, South Carolina

This 19th day of May, 2008

**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

The State,                        Respondent,

v.

Clinton C. Folkes,                Appellant.

RECEIVED
SEP 2 4 2010

Appeal From Richland County
James R. Barber, III, Circuit Court Judge

Unpublished Opinion No. 2010-UP-420
Submitted August 2, 2010 – Filed September 24, 2010

**AFFIRMED**

Appellate Defender M. Celia Robinson, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,

Assistant Attorney General Julie M. Thames, and Solicitor Warren Blair Giese, all of Columbia, for Respondent.

**PER CURIAM:** Clinton C. Folkes was convicted of assault and battery with intent to kill and was sentenced to life imprisonment without the possibility of parole. On appeal, Folkes argues the trial court erred in failing to charge the jury the absence of malice is not an element of assault and battery of a high and aggravated nature (ABHAN). We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v. Tyler, 348 S.C. 526, 530-31, 560 S.E.2d 888, 890 (2002) ("[T]he absence of malice is not a required element of the offense of ABHAN."); State v. Curry, 370 S.C. 674, 682, 636 S.E.2d 649, 653 (Ct. App. 2006) ("A charge is sufficient if, when considered as a whole, it covers the law applicable to the case. The substance of the law is what must be charged to the jury, not any particular verbiage.") (internal quotation marks and citations omitted).

**AFFIRMED.**

**FEW, C.J., KONDUROS and LOCKEMY, JJ., concur.**

*465 S.E.2d at 111*

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

*defendant is entitled to a directed ve[rdict]*

854

STATE OF SOUTH CAROLINA
In The Supreme Court

APPEAL FROM RICHLAND COUNTY
Court of Common Pleas
L. Casey Manning, Presiding Judge

**RECEIVED**

FEB 26 2016

**SC SUPREME COURT**

2010-CP-40-7500

CLINTON FOLKES, #216506                                    Petitioner,

v.

THE STATE OF SOUTH CAROLINA,

Respondent.

NOTICE OF APPEAL

**NOW COMES** the Petitioner in the above-captioned Post-Conviction Relief matter, acting by and through his undersigned counsel, giving notice of his appeal from the Order of Dismissal filed on January 14, 2016 denying his Post-Conviction Relief Application, which was not received for Petitioner until January 25, 2016.

_____
Tara Dawn Shurling
Attorney and Counselor at Law
S.C. Bar No. 5099

3614 Landmark Drive, Suite A
Columbia, South Carolina 29204
(803)738-8622
(803)738-1600 FAX

ATTORNEY FOR PETITIONER

This 24th day of February, 2016.

Other Counsel of Record:

Megan Harrigan Jameson, Assistant Attorney General
P. O. Box 11549
Columbia, SC 29211
Attorney for Respondent
(803) 734-3737

71.1(g), SCRCP, provides that if the applicant wishes to seek appellate review, post-conviction relief counsel must serve and file a Notice of Appeal on the Applicant's behalf. Applicant is directed to South Carolina Appellate Court Rule 243 for appropriate procedures for appeal.

**IT IS THEREFORE ORDERED:**

1. That this application for post-conviction relief must be denied and dismissed with prejudice; and

2. The Applicant shall remain in the custody of the State.

AND IT IS SO ORDERED this 14 day of Jun., 2016

L. CASEY MANNING
Presiding Judge
Fifth Judicial Circuit

_____, South Carolina

Amended Application for Post-Conviction Relief alleging the following additional grounds for relief:

1. Trial counsel was ineffective for failing to object to a closing argument by the State in which they told the jury that the difference between Assault and Battery with Intent to Kill and Assault and Battery of a High and Aggravated Nature was whether or not malice existed.

2. Trial Counsel was ineffective for failing to object when the prosecution erroneously advised the jury that if they found malice existed, they could not find the Applicant guilty of the lesser included offense of ABHAN.

3. Appellate Counsel was ineffective for failing to file a Petition for Rehearing in the Court of Appeals thereby depriving the Applicant of his right to seek certiorari in the Supreme Court of South Carolina.

4. Trial Counsel was ineffective for failing to advise the Applicant of his right to put up a defense regardless of whether he himself testified at his trial.

5. Trial Counsel was ineffective for failing to object to the State introducing testimony concerning other knives alleged to have been carried by the Applicant where said testimony bore no logical relevance to the Applicant's case and constituted evidence of prior bad acts. Trial Tr. p. 190, 11. 5-11.

6. Trial Counsel was ineffective for failing to challenge the position taken by the prosecutor assigned to this case, Heather Weiss, that "this is a mandatory life without parole, so I can't make an offer." Email from Weiss dated November 21, 2007.

7. Trial Counsel provided the Applicant ineffective assistance of counsel when he neglected to investigate Assistant Solicitor Weiss's claim that she could not extend any plea offers in this case due to the Applicant's exposure to a mandatory life without parole sentence.

8. Trial Counsel was ineffective for advising the jury in closing argument that the trial judge was going to instruct [the jury] that the absence of malice is not an element of assault and battery of a high and aggravated nature with determining in advance that the Court would in fact issue such an instruction.

9. Trial Counsel was ineffective for neglecting to remind the jury that, not only was there no blood visible on the shirt the State

3

alleged belonged to the Applicant, but the State's own witness testified that no DNA was found on the shirt when it was analyzed. Trial Tr. p. 295, 1 15-296, 1. 1 and Trial Tr. p. 404, 1.23- p. 405, 1. 7.

10. Trial Counsel failed to provide the Applicant with reasonable professional assistance of counsel when he conceded that the Applicant was not entitled to advance a claim of self-defense where under a reasonable interpretation of the facts in this case the Applicant had a colorable claim to that defense. Trial Tr. p. 330,11. 8-13.

11. Trial Counsel erred in failing to object to hearsay testimony from Investigator Robert McCracken advising that when he was dispatched to the scene he "was told someone was cut severely." Trial Tr. p. 300, 11. 7-13.

12. Trial Counsel was ineffective for neglecting to argue that State's Exhibit No. 31, a beer bottle seized at the time of the Applicant's arrest, should not be admitted into evidence where the bottle, broken after it was in the possession of law enforcement, was sealed in a bag and could not be examined by the jury, and where the Investigator who identified this exhibit prior to its admission could not positively identify what type of beet the bottle was from. Trial Tr. p. 308, 1. 17- p. 310, 1. 12.

13. Trial Counsel was ineffective for failing to object to the introduction of State's Exhibit No. 32, the tote bag seized from the Applicant at the time of his arrest, where the bag was introduced with clothing in it which was not in the bag at the time it was seized. Trial Tr. p. 323, 1. 24- p. 324, 1. 22.

14. Trial Counsel provided the Applicant ineffective assistance of counsel when he failed to introduce testimony from City of Columbia Police Department Officer Battiste to establish that the clothing packed under the sleeping bag inside of State's Exhibit 32 was in fact placed there by him after the Applicant's clothing was taken from him when he was made to strip and put on detention center uniform at the time he was booked.

15. Trial Counsel was ineffective for failing to establish for the jury that the clothing locked in the bottom of State's Exhibit No. 32 was the clothing the Applicant was wearing at the time of his arrest and had not been hidden by him under the sleeping bag found in that exhibit.

16. Trial Counsel was ineffective for failing to demonstrate that the clothing introduced inside State's Exhibit No. 28, a tote bag, was

4

③

the same clothing worn by the Applicant in a photograph of the Applicant taken by law enforcement at the scene after he was taken into custody.

17. Trial Counsel was ineffective in failing to object to the use of a knife. State's Exhibit No. 25 for ID only, in their examination of the victim where the knife was not the one used in the incident which led to the Applicant's charge and was identified by the victim as being only similar to the weapon used in this case.

18. Trial Counsel failed to provide the Applicant reasonable professional assistance of counsel when he neglected to introduce testimony, and employment records, which would have demonstrated that the Applicant was gainfully employed the week the incident involved in the Applicant's charges occurred, and that he had been at work just prior to going to Finley Park.

19. Trial Counsel erred in failing to obtain motel records which would have proven that at the time of this incident the Applicant had been living in a motel and was not homeless as the State claimed.

20. Trial Counsel was ineffective for failing to object to a portion of the State's closing argument in which the prosecution argued matters not in evidence. Trial Tr. p. 394, 11.11-19.

21. Appellate Counsel was ineffective in that she neglected to brief the error of the trial court in overruling the Applicant's objection to the jury instruction, and supplemental charge, given on ABHAN and limited her presentation on direct appeal to the failure of the trial court to issue the specific charge on ABHAN requested by Trial Counsel. Objection at Trial Tr. p. 422, 11. 17-23.

In addition to the above, based upon the evidence and testimony presented during the PCR proceedings, Applicant has argued,

> 22. Trial Counsel was ineffective for failing to take adequate measures to insure that Applicant understood that if he accepted a plea offer to plead guilty to ABWIK with a negotiated sentence, he would not face potential interpretation of his sentence as a mandatory life without parole sentence pursuant to §17-25-45.

5

## A.

## QUESTIONS PRESENTED at S.C. Supreme Court

### I.

Did the lower court err denying Petitioner relief where the record below demonstrates that he meet his burden of proof concerning his allegation that his Sixth and Fourteenth Amendment right to effective assistance of appellate counsel was violated on direct appeal where Appellate Counsel failed to file a Petition for Rehearing in the Court of Appeals thereby depriving Petitioner of his right to seek certiorari in the Supreme Court of South Carolina?

### II.

Did the lower court err denying Petitioner relief where the record below demonstrates that he meet his burden of proof concerning his allegation that his Sixth and Fourteenth Amendment right to effective assistance of appellate counsel was violated on direct appeal where Appellate Counsel failed to brief the error of the trial court in overruling the Applicant's objections to the jury instruction, and supplemental charge, as given on ABHAN and limited her presentation on direct appeal to the failure of the trial court to issue the specific charge on ABHAN requested by Trial Counsel?

### III.

Did the lower court err in denying Petitioner relief where the record below establishes that he meet his burden of proof concerning his claim that Trial Counsel provided him ineffective assistance of counsel, in violation of his rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, where Trial Counsel failed to object to closing arguments by the State in which the prosecution told the jury that the difference between Assault and Battery with Intent to Kill and Assault and Battery of a High and Aggravated Nature *was whether or not malice existed?*

1



IV.

Did the lower court err in denying Petitioner relief where the record below establishes that he meet his burden of proof concerning his claim that Trial Counsel provided him ineffective assistance of counsel, in violation of his rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, where Trial Counsel failed to object to closing arguments by the State in which the prosecution erroneously advised the jury that if they found malice existed, they could not find the Applicant guilty of the lesser included offense of ABHAN?

V.

Did the lower court err in denying Petitioner relief where the record below establishes that he meet his burden of proof concerning his claim that Trial Counsel provided him ineffective assistance of counsel, in violation of his rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, by advising the jury in his closing argument that the trial judge was going to instruct [the jury] that the absence of malice is not an element of assault and battery of a high and aggravated nature without determining in advance that the Court would in fact issue such an instruction?

VI.

Did the lower court err in denying Petitioner relief where the record below establishes that he meet his burden of proof concerning his claim that Trial Counsel provided him ineffective assistance of counsel, in violation of his rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, where Trial Counsel failed to object to the State introducing testimony concerning other knives alleged to have been carried by the Applicant and said testimony bore no logical relevance to the Applicant's case and constituted evidence of prior bad acts?

*Folkes argues at SC Supreme Court*

(7)

### X.

Did the lower court err in denying Petitioner relief where the record below establishes that he meet his burden of proof concerning his claim that Trial Counsel provided him ineffective assistance of counsel, in violation of his rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, by failing obtain and introduce motel records which would have proven that at the time of this incident Petitioner had been living in a motel and was not homeless as the State and its witnesses claimed?

### XI.

Did the lower court err in denying Petitioner relief where the record below establishes that he meet his burden of proof concerning his claim that Trial Counsel provided him ineffective assistance of counsel, in violation of his rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, by failing to object to a portion of the State's closing argument in which the prosecution argued matters not in evidence?

### XII.

Did the lower court err in denying Petitioner relief where the record below establishes that he meet his burden of proof concerning his claim that Trial Counsel provided him ineffective assistance of counsel, in violation of his rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, by neglecting to remind the jury that, not only was there no blood visible on the shirt the State alleged belonged to the Applicant, but the State's own witness testified that no DNA was found on the shirt when it was analyzed?



### VII.

Did the lower court err in denying Petitioner relief where the record below establishes that he meet his burden of proof concerning his claim that Trial Counsel provided him ineffective assistance of counsel, in violation of his rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, where Trial Counsel failed to object to the State's use of a knife for demonstrative purposes in their examination of the Victim where the knife was not the one used in the incident which led to the charge against Petitioner and was identified by the Victim as being only similar to the weapon used in this case?

### VIII.

Did the lower court err in denying Petitioner relief where the record below establishes that he meet his burden of proof concerning his claim that Trial Counsel provided him ineffective assistance of counsel, in violation of his rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, by failing to object to hearsay testimony from Investigator Robert McCracken advising that when he was dispatched to the scene he *"was told someone was cut severely"* ?

### IX.

Did the lower court err in denying Petitioner relief where the record below establishes that he meet his burden of proof concerning his claim that Trial Counsel provided him ineffective assistance of counsel, in violation of his rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, by failing to provide Petitioner reasonable professional assistance of counsel in that he neglected to introduce testimony, and employment records, which would have demonstrated that the Petitioner was gainfully employed the week the incident resulting in these charges occurred, and that he had been at work just prior to going to Finley Park?



## XIII.

Did the lower court err in denying Petitioner relief where the record below establishes that he meet his burden of proof concerning his claim that Trial Counsel provided him ineffective assistance of counsel, in violation of his rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, where Trial Counsel failed to take adequate measures to insure that Applicant understood that if he accepted a plea offer to plead guilty to ABWIK with a negotiated sentence, he would not face potential interpretation of his sentence as a mandatory life without parole sentence pursuant to §17-25-45 ?

## XIV.

Did the lower court err in denying Petitioner relief where the record below establishes that he meet his burden of proof concerning his claim that Trial Counsel provided him ineffective assistance of counsel, in violation of his rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, where Trial Counsel failed to advise Applicant that he had the constitutional right under the Sixth Amendment to the United States Constitution to be fully heard in his defense?