# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| Clinton Folkes, # 216506, | ) | Civil Action No. 2:19-0760-RMG |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Warden Nelsen, | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 19) recommending that the Court grant Respondent's motion for summary judgment (Dkt. No. 15) on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court adopts in part and declines to adopt in part the R & R as the order of the Court. Respondent's motion for summary judgment is granted as to Grounds 1-2 and 4-22. Respondent's motion for summary judgment is denied without prejudice as to Ground 3 to allow for appointment of counsel and further briefing on issues raised by this Ground.

## I. Background

Petitioner Clinton Folkes proceeds *pro se* to seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is incarcerated on a term of life imprisonment without possibility of parole. In 2008, he was tried in the Richland County Court of General Sessions and found guilty of assault and battery with intent to kill. The conviction stemmed from a July 2007 physical fight during which Petitioner cut a man in the neck with a knife and was heard at the time, by witnesses who testified at trial, to have said, "I should have killed you[.]" (Dkt. No. 14-1 at 245, 247, 436.) The Warden has moved for summary judgment on Petitioner's § 2254 motion, to which Petitioner

responded in opposition. The Magistrate Judge recommends that the Warden be granted summary judgment.

## II. Legal Standard

### A. Review of R & R

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### B. Motion for Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant has the initial burden of demonstrating that there is no genuine

issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, to survive summary judgment the respondent must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## C. Federal Habeas Relief Pursuant to 28 U.S.C. § 2254

A state prisoner who challenges matters "adjudicated on the merits in State court" can obtain federal habeas relief only if he shows that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). The state court's application is unreasonable if it is "objectively unreasonable, not merely wrong." *White v. Woodall*, 572 U.S. 415, 419 (2014). Meaning, the state court's ruling must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The state court's determination is presumed correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The state court's decision "must be granted a deference and latitude that are not in operation" when the case

is considered on direct review. *Harrington*, 562 U.S. at 101. This is because habeas corpus in federal court exists only to "guard against extreme malfunctions in the state criminal justice systems." *Id.* at 102 (citation and internal quotation marks omitted). Accordingly, pursuant to 28 U.S.C. § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Harrington*, 562 U.S. at 102. "If this standard is difficult to meet, that is because it was meant to be." *Id.*

Before the petitioner may pursue federal habeas relief to this standard, he must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). The petitioner "must present his claims to the state's highest court," *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (abrogated on other grounds by *United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011)), which requires the petitioner to have "fairly present[ed] to the state court both the operative facts and the controlling legal principles associated with each claim." *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks omitted). A federal habeas court should not review the merits of claims that would be found to be procedurally defaulted or barred under independent and adequate state procedural rules. *Lawrence v. Banker*, 517 F.3d 700, 714 (4th Cir. 2008). Rather, for a procedurally defaulted claim to be properly considered by the federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### III. Discussion

Petitioner's § 2254 petition raises four grounds for relief, each on the basis of "ineffective assistance of counsel" or "judicial error." (Dkt. No. 1.) Some of these habeas grounds then cite to

Petitioner's application for post-conviction relief ("PCR"). The original application for PCR similarly raised "ineffective assistance of counsel" and "judicial error" as its two grounds for relief. (Dkt. No. 14-1 at 492.) In support of these PCR grounds, Petitioner alleged that "1) counsel failed to call key witnesses for the defense; 2) that counsel failed to properly investigate a defense presented by the applicant; and that 3) counsel failed to object to the use of a knife in the courtroom (State's 25) that was not even used in the crime (pg. 108). See State v. McDonald; 4) counsel failed to object to other issues, like closing argument from solicitors, see State v. Simmons" and that "the court failed to inform him of his right to put up a defense without him having to testify, only that he could remain silent." (Dkt. No. 14-1 at 496.) Petitioner later filed an amended application for PCR that alleged twenty-one additional grounds for relief relating to ineffective assistance of trial counsel. (*See* Dkt. No. 14-2 at 314-17.) The PCR court conducted a two-day evidentiary hearing (Tr. at Dkt. No. 14-2 at 44-251), after which it dismissed the application for PCR in a forty-six-page written order (Dkt. No. 14-2 at 313-58). Petitioner appealed the order of dismissal (Dkt. No. 14-2 at 359) and petitioned for a writ of certiorari (Dkt. No. 14-4), which the South Carolina Court of Appeals denied. (Dkt. No. 14-6.)

A petitioner may demonstrate ineffective assistance of counsel by showing the attorney's work was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if it was unreasonable under the circumstances of the case and the then-prevailing professional norms. *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). Prejudice requires a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *Kimmelman*, 477 U.S. at 384. The *Strickland* test for ineffective assistance of counsel is, therefore

highly deferential to the attorney. The standard for § 2254 relief is itself highly deferential to the state court. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). As a result, when the state court adjudicated an ineffective assistance claim on its merits, the § 2254 district court's review is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). The district court's focus is "not whether counsel's actions were reasonable," but rather "whether there is any reasonable argument that [the petitioner's] counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105.

The analysis is notably different, however, if the claim establishes that the defendant was denied the "actual or constructive" assistance of counsel at a critical stage of the criminal proceeding. This extends to the denial of counsel on appeal. Under such circumstances, the normal presumption of the regularity of state proceedings is cast in doubt and there is a presumption of prejudice without the necessity of showing a likelihood of success. *Smith v. Robbins*, 528 U.S. 259, 286 (2000); *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000); *Penson v. Ohio*, 488 U.S. 75, 88 (1988); *United States v. Poindexter*, 492 F.3d 263, 268 (4th Cir. 2007). Further, there is a "constitutionally imposed duty to consult with the defendant about an appeal" if "a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal)." *Roe*, 528 U.S. at 480.

After careful review of the R & R, Petitioner's objection to it[1], and the record on summary judgment—including affording Petitioner's submissions an appropriately liberal construction for

---

[1] The extended deadline by which Petitioner was to file objections to the R & R was December 5, 2019. On December 9, 2019, the district court received a letter from Petitioner dated "12/4/2019" stating his legal mail was being returned to the court. (Dkt. No. 21.) However, the R & R was returned to the district court as "inmate refused, 11/22/19." (Dkt. No. 22.) In an abundance of caution, the Court extended the objection deadline to January 3, 2020 and re-mailed the R & R to Petitioner. (Dkt. No. 23.) Petitioner filed objections to the R & R. (Dkt. No. 25.) He then moved

a *pro se* litigant, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) and construing the facts to the nonmovant's benefit—the Court finds that the Magistrate Judge correctly concluded that Respondent should be granted summary judgment regarding Grounds 1-2 and 4-22. The Magistrate Judge comprehensively addressed the grounds in turn, analyzing for each both the merits and risk of procedural default against the voluminous record of trial, appellate, PCR and certiorari arguments and decisions, including the trial and PCR evidentiary hearing transcripts. The Court finds no clear error on the face of the Magistrate Judge's finding that Petitioner has not satisfied the doubly deferential *Strickland* habeas standard and did not preserve certain grounds for habeas review. For these reasons, the Warden's motion for summary judgment regarding Grounds 1-2 and Grounds 4-22 is granted and Petitioner's motion for § 2254 habeas relief is denied as to those Grounds.

The record before the Court raises questions regarding Ground 3 that the Court finds have not been adequately addressed by the briefing of the Respondent and the Petitioner acting *pro se*. These include questions concerning whether Petitioner was actually or constructively denied counsel from the time of the decision of the South Carolina Court of Appeals on the direct appeal until the time expired for petitioning for rehearing—a necessary step if review was to be sought by certiorari before the South Carolina Supreme Court. Further, the record raises a question concerning whether Petitioner received proper consultation on his appeal rights from an attorney following the decision of the South Carolina Court of Appeals.

---

for an extension to again object, which the Court granted. (Dkt. No. 27.) No additional objections were filed.

The Court denies without prejudice Respondent's motion for summary judgment regarding Ground 3. By separate orders, the Court will appoint counsel for Petitioner and provide the parties a new briefing schedule and guidance regarding the issues that need to be addressed.

## IV. Certificate of Appealability

The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]."). A petitioner may satisfy this standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). "[T]o secure a certificate of appealability on claims that the district court denied pursuant to procedural grounds, [the petitioner] must demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.2d 676, 684 (4th Cir. 2001) (internal quotation marks omitted).

Here, the legal standard for the issuance of a certificate of appealability has not been met regarding Grounds 1-2 and 4-22 because a reasonable jurist would not find it debatable that Petitioner has not satisfied the deferential *Strickland* standard in the context of habeas relief, nor

that certain claims were not preserved for federal habeas review. Therefore, a Certificate of Appealability is denied regarding Grounds 1-2 and 4-22.

V. <u>Conclusion</u>

For the foregoing reasons, Court **ADOPTS IN PART and DECLINES TO ADOPT IN PART** the R & R (Dkt. No. 19) as the order of the Court. The Court **GRANTS** Respondent's motion for summary judgment (Dkt. No. 15) as to Grounds 1-2 and 4-22. A Certificate of Appealability is **DENIED** as to these Grounds. The Court **DENIES WITHOUT PREJUDICE** Respondent's motion for summary judgment as to Ground 3.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

February 12, 2020
Charleston, South Carolina